**FODOR, et v LOEWINGER**

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10734. Decided June 9, 1930

George C. Hafley, Cleveland, for Fodor, et. Hazelton & Rosenblatt, Cleveland, for Loewinger.

VICKERY, PJ.

An examination of the record in the court below will show that that was not, the theory upon which this case was tried, that is, if one takes the pleadings as a guide; and, there being no evidence in the record, the pleadings become the only guide. It seems to be assumed by the plaintiffs in error that these two names George C. Bilz and Jessie Bilz were added as makers and, therefore, that was an alteration. Of course, if that had been so and the suit was brought on that paper, these plaintiffs might have denied the execution of that paper because it purported to be signed by two other persons in addition to those who had originally signed it. In the pleadings there is no allegation that these two names last above mentioned, the other defendants in the court below, besides the plaintiffs in error did sign it as makers.

An examination of the note, or the one that is in the record which purports to be a copy, shows that these two persons did not sign as makers. They signed it at a place other than that where makers usually sign, and it would be questionable whether they were makers or not, and in that case the negotiable instrument law applies and they would be deemed to be endorsers, Section 8122-6 GC. Now the adding of endorsers upon a paper does not change or alter the instrument and so far as it appears in this lawsuit these persons were merely endorsers or occupied some other relation than that of makers upon the paper; and as this case was tried in this court solely upon the question of alteration, there is nothing in the record to show that there was any alteration.

We do not think the argument that the learned counsel made with respect to the pleadings in the court below would avail. There the statement of claim set up as the defense that there had been another mortgage executed upon this property which the parties had permitted to assume priority over the mortgage signed by these defendants, without their knowledge or consent. That was the basis of their action. A reply denied that and there was no evidence offered at all in the lawsuit and, therefore, as the record appears in this court, there was a complete denial of the allegations of the statement of defense. That threw the burden of proof upon the defendants to prove the allegations of their defense, and there being no evidence to that effect, the court could not have done other than it did do. That being the state of the record, we can do nothing more than affirm the judgment for, as already stated, the only argument made in this court was that the adding of these two names was such an alteration of the note that it released the other persons upon the note and, as already stated, there was no allegation that these two persons did sign it as makers, and the note as found in the files upon which the suit was brought, or rather a copy of it, sets forth, as already stated, that these four were makers and they signed it as makers, while the Bilzes the two others, signed it elsewhere upon the paper, and they probably signed it as endorsers under the negotiable instrument law. That would be the status of these persons.

That being the situation, the court committed no error and the judgment will be affirmed.

Sullivan, and Levine, JJ, concur.